Mr. Frederick C. **FERMIN,** Appellant,

v.

Honorable Elliot L. **RICHARDSON,**
Secretary of Health, Education
and Welfare.

No. 24488.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 4, 1971.

Decided Jan. 13, 1972.

Rehearing Denied May 12, 1972.

Mr. Frederick C. Fermin, appellant pro se.

Mr. John R. Dugan, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, John A. Terry and Robert S. Rankin, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before LEVENTHAL, MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

At oral argument on November 4, we indicated that we would defer decision of this case pending submission of supplemental memoranda by appellee. We have since determined that such memoranda would be unnecessary and have so informed the parties.

In view of the 1961 certification by Mr. Travis (Tr. 57–8), we will assume plaintiff filed for benefits at that time. He has argued to us that he is entitled to credit for military service, as well as for 1950 service as a general airplane mechanic (because of temporary status). The Government makes a strong argument that he is not entitled to credit for military service in the context of his present claim; but we need not decide the matter for even if we assume Mr. Fermin is correct on this point he cannot prevail. The mere fact that HEW may have made some mistakes does not mean plaintiff is entitled

to the benefits he seeks. In the last analysis, plaintiff still has the burden of showing that he was continuously disabled during his 1950–1957 service so that he could not file a claim during that period. A person with mental illness may claim disability notwithstanding his work—if strong circumstances are shown, for example that he was doing simple, mechanical work under supervision. Here, however, plaintiff was a general airplane mechanic for years— and apparently, for a very short period, an inspector. While he may have been under some mental strain, we cannot say that HEW was acting arbitrarily in concluding he was not continuously disabled during 1950–1957.

Affirmed.